**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PHILIP R MAMMEN, | ) | Case No. 10-16378-BFK |
| SUNITHA P MAMMEN, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEBTORS' MOTION TO REOPEN**

This matter comes before the Court on the Debtors' Motion to Reopen their bankruptcy

case in order to avoid a judgment lien under Bankruptcy Code Section 522(f). Docket No. 42.

The judgment lien creditor, Union Bank & Trust Co. ("Union Bank"), filed a Response in

opposition. Docket No. 45. The Court heard the parties' arguments on May 21, 2019. For the

reasons stated below, the Court will grant the Debtors' Motion to Reopen.

**Findings of Fact**

The following facts are not disputed.

1.      On July 29, 2010, the Debtors filed a joint Voluntary Petition under Chapter 7

with this Court. Docket No. 1.

2.      The Debtors listed in Schedule A their residence at 20901 Norine Court, Sterling

Virginia. Docket No. 1, Schedule A. They claimed that the property was titled as tenants by the

entirety, with a value of $635,000.00 and secured debt of $983,306.00. *Id*. It does not appear that

the Debtors listed the property as exempt in Schedule C. *Id*., Schedule C.

1

3.      The Debtors disclosed in their Statement of Financial Affairs the fact that Union

Bank had foreclosed on property located at 45189 Research Place, Unit A-3-A-5, Ashburn,

Virginia 20147. Docket No. 1, Statement of Financial Affairs, ¶ 5.

4.      Prior to the bankruptcy filing, Union Bank recorded an Abstract of Judgment in

the land records of Loudoun County, Virginia, where the Debtors' residence is located,

evidencing a judgment against both of the Debtors in the amount of $294,380.21, plus interest,

costs and attorneys' fees. Docket No. 20-1, Ex. 7. Union Bank's judgment lien attached to the

Debtors' residence at that time.

5.      The Trustee filed a Report of No Distribution. Docket No. 12. The Debtors

received a discharge and the case was closed. Docket Nos. 15, 17.

6.      The Debtors filed a Motion to Reopen the case and a Motion to Avoid Union

Bank's Judgment Lien in July 2018. Docket Nos. 18, 20.

7.      They filed an Amended Motion to Reopen in August 2018. Docket No 33. Union

Bank filed a Response in opposition to the Debtor's Motion. Docket No. 37.

8.      The Debtors withdrew their Amended Motion to Reopen on August 27, 2018.

Docket No. 38.

9.      The Debtors filed this Motion to Reopen on April 19, 2019. Docket No. 42. They

did not file a renewed motion to avoid Union Bank's Judgment lien, but it is clear from the

Motion to Reopen that their purpose in seeking to reopen the case is to avoid Union Bank's lien.

*Id.,* p. 1 ("A recent title report has revealed that there is a judgment lien by Union Bank and Trust

against the debtor's home that is preventing them from selling or refinancing their home.")

10.     Union Bank again filed a Response in opposition. Docket No. 45. Union Bank does not dispute that the Debtors meet the formula for impairment of their exemptions set forth in Section 522(f)(2), other than contesting the value of the property at the time of the Debtors' Voluntary Petition in July 2010.

11.     Union Bank argues that: (a) its Judgment Lien cannot be avoided because it is a deficiency judgment arising out of a foreclosure and Section 522(f)(2)(C) of the Code prohibits the avoidance of such liens; and (b) the Debtors' Motion, coming over eight years after the bankruptcy case was closed, is barred by principles of laches.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate), (B) (allowance or disallowance of exemptions) and (K) determinations of the validity, extent and priority of liens).

**I.     Reopening Bankruptcy Cases – 11 U.S.C. § 350(b).**

Bankruptcy Code Section 350(b) provides that a closed case may be reopened "to administer assets, to accord relief to the debtor or for other cause." 11 U.S.C. § 350(b). A decision whether or not to reopen a bankruptcy case is committed to the Court's discretion. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984). The Court generally should avoid ruling on the underlying merits of a dispute in connection with a motion to reopen. *In re Conner,* 2014 WL 879639, at *1 (Bankr. W.D. Va. 2014); *In re Jones,* 367 B.R. 564, 567 (Bankr. E.D. Va. 2007). The reopening of a case does not afford the parties any substantive

3

relief; rather, reopening provides an opportunity for further relief. *Horizon Aviation of Virginia, Inc. v. Alexander (In re Alexander),* 296 B.R. 380, 382 (E.D. Va. 2003); *In re Clary,* 440 B.R. 122, 123 (Bankr. E.D. Va. 2010) (quoting *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962)). On the other hand, the Court should not reopen a case where no relief can be accorded to the parties and reopening would be a futile act. *In re Conner,* 2014 WL 879639, at *1; *In re Cutright,* 2012 WL 1945703, at *4 (Bankr. E.D. Va. 2012); *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005).

If the Debtors' attempt to avoid Union Bank's lien is impermissible under Section 522(f)(2)(C), the Court would not reopen the case because reopening the case would be a futile act. On the other hand, if the Debtors can succeed in avoiding the lien the Court should reopen the case to accord relief under Section 350(b).

## II.    Whether a Mortgage Deficiency Judgment Lien Can be Avoided – 11 U.S.C. § 522(f)(2)(C).

Bankruptcy Code Section 522(f)(1) allows a debtor to avoid "the fixing of a [judicial lien, other than one that secures a debt specified in section 523(a)(5),] on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled to under subsection (b) of this section." 11 U.S.C. § 522(f)(1)(A). The Fourth Circuit has held in the case of *Botkin v. Dupont Community Credit Union (In re Botkin),* that the Debtor need not actually claim an exemption in order to avoid a judicial lien under Section 522(f). 650 F.3d 396, 400 (4th Cir. 2011) ("we conclude that the Code plainly provides that debtors need not claim an exemption as a precondition of avoiding a lien that the debtor contends impairs the exemption").

4

In 1994, Congress amended Section 522 by adding what is now Section 522(f)(2), which

provides as follows:

> (2)  (A)  For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i)   the lien;
>
> (ii)   all other liens on the property; and
>
> (iii)   the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
> (B)   In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.
>
> (C)   *This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.*

11 U.S.C. § 522(f)(2) (emphasis added).

Section 522(f)(2) provides a mathematical formula for determining whether a judgment

lien impairs the debtor's exemptions. The Debtor need not have equity in the property in order to

take advantage of Section 522(f). *In re Nguyen*, 2011 WL 4915884, *2 (Bankr. E.D. Va. 2011).

As noted above, Union Bank does not dispute that the Debtor meets the mathematical formula of

Section 522(f), with the exception that Union Bank contests the starting point for the formula –

the value of the property as of the petition date. Rather, Union Bank argues that the Debtor

cannot avoid its judgment lien at all because the judgment is a deficiency judgment entered after

the foreclosure of the Research Place property and, therefore, the Debtor is precluded from

seeking to avoid the lien under Section 522(f)(2)(C).

5

A spilt of authority has developed among courts considering this issue. Neither the Fourth Circuit, nor any bankruptcy court or district court within the Circuit, has issued an opinion directly on point. The vast majority of courts have held that mortgage deficiency liens are not within the ambit of "judgments arising out of a mortgage foreclosure" as provided in § 522(f)(2)(C) and therefore can be avoided under § 522(f). *See, e.g., Banknorth, N.A. v. Hart (In re Hart),* 328 F.3d 45 (1st Cir. 2003); *In re Pace*, 569 B.R. 264 (B.A.P. 6th Cir. 2017); *In re Phillips*, 439 B.R. 892 (Bankr. N.D. Ala. 2010); *First Nat'l Bank of Manchester v. Elza (In re Elza),* 536 B.R. 415 (E.D. Ky. 2015); *In re Maxwell,* No. 09-35713, 2010 Bankr. LEXIS 4082, 2010 WL 4736206 (Bankr. E.D. Tenn. Nov. 16, 2010); *In re Burns*, 437 B.R. 246 (Bankr. N.D. Ohio 2010); *In re Linane*, 291 B.R. 457 (Bankr. N.D. Ill. 2003); *In re Carson*, 274 B.R. 577 (Bankr. D. Conn. 2002); *In re Smith*, 270 B.R. 557 (Bankr. W.D.N.Y. 2001)). These courts have based their holdings on two distinct grounds.

The First Circuit in *Hart* found the language of § 522(f)(2)(C) to be sufficiently clear on its face and therefore focused solely on the provision's plain meaning without reference to State law, and held that mortgage deficiency liens are avoidable notwithstanding § 522(f)(2)(C). In the ruling below, the First Circuit Bankruptcy Appellate Panel began its analysis by clarifying that § 522(f) is a "subsection," § 522(f)(2) is a "paragraph," and § 522(f)(2)(C) is a "subparagraph." *Peoples Heritage Bank, N.A. v. Hart (In re Hart),* 282 B.R. 70, 74 (B.A.P. 1st Cir. 2002). With these references in mind, the Panel determined that the words "this paragraph" in § 522(f)(2)(C) is a direct reference to § 522(f)(2). Consequently, the formula for lien impairment in § 522(f)(2)(A), which includes the language "this subsection," refers to § 522(f) in its entirety. Thus, the impairment formula set out in § 522(f)(2)(A) "applies to all judicial liens and nothing

in § 522(f)(2)(C) requires a different formula being applied to some sorts of liens." *Id.* at 75. In

other words, the impairment formula is to be applied to all "judicial liens" as stated in §

522(f)(2)(A), but not to "judgments" as stated in § 522(f)(2)(C).

Using this statutory construction, the First Circuit determined that Congress did not

intend for § 522(f)(2)(C) to be an exception to the general rule of judicial lien avoidance of §

522(f)(1). Instead, the provision was intended to "clarify that the entry of a foreclosure judgment

does not convert the underlying consensual mortgage into a judicial lien which may be avoided."

*Banknorth, N.A. v. Hart (In re Hart),* 328 F.3d 45, 49 (1st Cir. 2003).

The bankruptcy court in *Phillips* further explained this rationale in stating:

> [T]he obvious purpose behind § 522(f)(2)(C) is to prohibit debtors from avoiding
> judgments entered during judicial foreclosure proceedings, but before the actual
> foreclosure sale, and thereby avoid the mortgage-debt as established by the judgment to
> the extent of the debtor's homestead exemption. If judgments of foreclosure and similar
> decrees could be avoided, then in states allowing large homestead exemptions a
> substantial portion, if not all of the mortgage-debt could be avoided leaving the happy
> chapter 7 debtor with not only a financial fresh start after discharge, but also with a
> greatly reduced or totally avoided home mortgage. Such would be an absurd result and
> clearly not one intended by Congress.

*In re Phillips*, 439 B.R. at 896-97. *See also Fist Nat'l Bank v. Elza*, 536 B.R. at 423

("Section 522(f) is sufficiently clear that a deficiency judgment – regardless of the nuances and

particularities of state foreclosure law – 'is a non-consensual judicial lien like any other which is

subject to avoidance under § 522(f),' *Hart B.A.P.,* 282 B.R. at 77.")

Other courts have analyzed the substantive foreclosure law of the State where the

judgment is rendered and have concluded that a lien for a deficiency judgment does not come

within the meaning of § 522(f)(2)(C). For example, the Alabama bankruptcy court in *In re*

*Phillips* concluded that where a creditor forecloses on the mortgage of a debtor in a nonjudicial

7

proceeding pursuant to consensual powers of sale as stated in the mortgage, there is no formal

"judgment" of foreclosure and therefore "whether a suit to collect the mortgage-debt is filed

post-or pre-foreclosure, the resulting judgment is not part of the foreclosure process under

Alabama law, and cannot be accurately defined as a "judgment arising out of a mortgage

foreclosure."  *In re Phillips*, 439 B.R. at 896. *See also In re Smith,* 270 B.R. at 561 ("Under New

York law, the deficiency judgment is not a relief of foreclosure, but a remedy that is ancillary to

the foreclosure").

In contrast, a minority of courts have concluded that deficiency judgment liens do "arise

out of" mortgage foreclosure judgments and therefore are unavoidable liens pursuant to §

522(f)(2)(C). *See In re Criscuolo*, 386 B.R. 389 (Bankr. D. Conn. 2008); *In re Vincent*, 260 B.R.

617 (Bankr. D. Conn. 2000). These courts have explicitly rejected the proposition that Congress

enacted § 522(f)(2)(C) to clarify that "a judgment of foreclosure does not transmute an otherwise

unavoidable mortgage into a judicial lien which might be avoidable under bankruptcy law." *In re*

*Criscuolo*, 386 B.R. at 394. Instead, the *Vincent* and *Criscuolo* courts found that Congress most

likely enacted § 522(f)(2)(C) to incentivize and sustain a flow of affordable capital into the real

estate lending market. *Id*. at 394-95. In other words, Congress created the provision to prevent

mortgagees from potentially having their deficiency liens avoided in bankruptcy, the

consequence of which would be mortgagees raising interest rates for ordinary borrowers. This in

turn would have a chilling effect on the real estate market since fewer consumers would be able

to afford the increased cost of a home loan. *Id*.

The Court agrees with the great weight of authority on the issue. First, the Court finds

that Section 522(f)(2)(C) is not ambiguous, and reference to State law is unnecessary. Section

522(f)(2)(C)'s use of the term "this paragraph" is a reference to the formula under Subsection

(f)(2), and does not restrict the ambit of Section 522(f) as a whole. The Court further agrees that

Section 522(f)(2)(C) was intended to be clarifying, in order to avoid the situation where, in

judicial foreclosure States, a debtor might file for bankruptcy after a judgment for foreclosure is

entered but before the foreclosure sale is completed, thereby avoiding the mortgage creditor's

lien and affording the debtor a windfall unintended by Congress when it enacted Section 522(f).

     If the Court were to look to State law for additional guidance, the Court also would agree

with the authorities holding that in non-judicial foreclosure States a deficiency judgment is

independent of the foreclosure process and does not "arise out of" the foreclosure itself. Virginia

is a non-judicial foreclosure State. Although a deficiency judgment may follow the foreclosure, it

does not arise out of the foreclosure – it arises out of the borrower's promise to repay the

underlying Note, or a guaranty of the debt.

     The Court finds, therefore, that Section 522(f)(2)(C) does not operate to bar the

avoidance of Union Bank's deficiency judgment in this case.

### III.    The Issue of Laches Will Be Determined in Connection with the Debtors' Motion to Avoid Union Bank's Judgment Lien.

     Finally, Union Bank argues that the Debtors' Motion should be denied because of laches.

Section 350(b) does not provide any time limitation on reopening cases. Bankruptcy Rule 9024

further provides that motions to reopen are not subject to the one-year limitation on motions

under Rule 60(c). Although the passage of time alone does not constitute prejudice, the Fourth

Circuit held in *Hawkins* that a creditor's costs and fees incurred in connection with a foreclosure

after the case was closed did constitute prejudice. *Hawkins*, 727 F.2d, at 328. *See also Redmond*

*v. Fifth Third Bank*, 624 F.3d 793, 799 (7th Cir. 2010) ("While the passage of time in itself does

not constitute prejudice to the opposing party, a delay may be prejudicial when combined with other factors such as court costs and attorney's fees in state-court foreclosure proceedings"); *In re Dean*, 2016 WL 3766091, at *3 (Bankr. M.D. N.C. 2016) (overruling objections to motion to reopen where creditor had not expended any legal fees while case was closed); *In re Paul*, 194 B.R. 381, 384 (Bankr. D. S.C. 1995) ("NationsBank is prejudiced due to the time and expense in pursuing this action in reliance on its ability to enforce any deficiency judgment against the Debtor.")

Whether or not Union Bank can establish the kind of prejudice contemplated by *Hawkins* is a matter that is better left to an evidentiary hearing on the Debtors' Motion to Avoid the lien. The Court will grant the Motion to Reopen the bankruptcy case to allow the Debtors to file a Motion to Avoid the lien. Union Bank can assert its claim of laches in response to the Motion to Avoid the lien.

## Conclusion

It is therefore **ORDERED**:

1.      The Debtor's Motion to Reopen is granted. No Trustee need be appointed in the reopened case as the relief sought is personal to the Debtor.

2.      The Debtor shall file a Motion to Avoid the lien within 30 days of the entry of this Order. If a Motion to Avoid the lien is not timely filed, the Clerk will close the case.

3.      The Clerk will mail copies of this Order, or provide cm-ecf notice of its entry, to the parties below.

Date: Jun 27 2019
_____

Alexandria, Virginia

/s/ Brian F. Kenney
_____

Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: June 28, 2019

Copies to:

Philip R Mammen
20901 Nerine Court
Sterling, VA 20165
*Chapter 7 Debtor*

Sunitha P Mammen
20901 Nerine Court
Sterling, VA 20165
*Chapter 7 Joint Debtor*

Robert Sergio Brandt, Esquire
The Law Office of Robert S. Brandt
1513 King Street
Alexandria, VA 22314
*Counsel for Debtors*

James R. Meizanis, Jr., Esquire
Blankingship & Keith, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
*Counsel for Union Bank  & Trust Co.*

Kevin R. McCarthy, Esquire
1751 Pinnacle Drive Suite 1115
McLean, VA 22102
*Chapter 7 Trustee*